STATE OF NEBRASKA, APPELLEE, V. ELIJAH JONES, APPELLANT.
435 N.W.2d 650

Filed February 10, 1989.   No. 87-1150.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Douglas J. Peterson for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITE, J.

Defendant, Elijah Jones, appeals from an order of the district court for Douglas County denying his motion for postconviction relief. The thrust of defendant's motion to vacate and set aside judgment and sentence is a claim of ineffective assistance of counsel.

In *State v. Jones*, 217 Neb. 435, 350 N.W.2d 11 (1984), this court affirmed the judgment and sentence of the district court for Douglas County which found the defendant guilty of first degree murder and sentenced him to a term of life imprisonment. One of the two errors we addressed in that appeal was whether there was sufficient evidence to find the

defendant guilty of premeditated first degree murder. The defendant claimed that he was acting in self-defense and did not have sufficient time to think about the shooting, therefore rebutting any question of premeditation. In determining that the defendant's assignment of error lacked merit, we said: "Based upon the testimony of eyewitnesses, the physical evidence at the scene, and the expert testimony by the pathologist, the jury could have concluded beyond a reasonable doubt that Jones killed Kelly purposely and with deliberate and premeditated malice, notwithstanding the conflict in the evidence." *Id.* at 439, 350 N.W.2d at 13. As noted above, there was some conflict in the evidence. However, there were several eyewitnesses who saw the defendant shoot and kill Elijah Kelly on November 19, 1979. The evidence adduced at trial showed that the defendant had gone to an Omaha cardroom twice looking for the victim, once at 6 p.m. and later at 11:15 p.m. When the defendant returned to the club the second time, the victim was seated at a table playing cards. The defendant shot the victim several times as he was attempting to get up from the card table. While the victim was on the floor, apparently trying to crawl away from the table, the defendant followed him around the table, leaned over, and fired the remaining bullets into the victim's back. The evidence also showed that the victim was dressed in a manner that made concealment of a weapon unlikely, and later investigation disclosed that there was no weapon on the victim.

The defendant, in his motion, alleges that he was denied effective assistance of counsel in that his counsel failed to contact and call several witnesses whose testimony allegedly would have established the defendant's claim of self-defense.

A defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. [Citations omitted.] " 'When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least

as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions.' "

*State v. Painter*, 229 Neb. 278, 280-81, 426 N.W.2d 513, 515-16 (1988).

As we stated in *State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633 (1988):

[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

A convicted defendant seeking a reversal of the conviction or sentence for the reason that counsel's assistance was deficient must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Peery*, 223 Neb. 556, 391 N.W.2d 566 (1986).

A review of the record in the postconviction hearing reveals that the defendant has failed to meet his burden. Of the witnesses listed in the defendant's motion whom the defendant's counsel failed to call or contact, we note that only one of them witnessed the shooting. Further, the record shows that if that particular witness had been called to testify, despite defendant's allegations to the contrary, that witness would have provided testimony further incriminating the defendant. With regard to the remaining witnesses, who were not eyewitnesses to the shooting, we fail to see how the testimony of these additional witnesses would have established the defendant's claim of self-defense, especially in light of the fact that there were four eyewitnesses who testified that to the best of their knowledge the victim did not have a gun at the time of the shooting, and

there was evidence showing that the victim was shot several times in the back while attempting to crawl away on the floor.

In addition, " 'The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves ineffective, will not, without more, sustain a finding of ineffectiveness of counsel.' " *State v. Broomhall*, 227 Neb. 341, 342, 417 N.W.2d 349, 351 (1988). The decision of the district court is affirmed.

AFFIRMED.