STATE OF NEBRASKA, APPELLEE, v. GARY A. KEITHLEY, APPELLANT.

463 N.W.2d 329

Filed November 30, 1990.    No. 89-1298.

Martin J. Kushner for appellant, and, on brief, Gary A. Keithley, pro se.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

On November 12, 1986, the defendant, Gary A. Keithley, was convicted of second degree murder in the stabbing death of William Weiner and was sentenced to 20 years' imprisonment. The judgment was affirmed in *State v. Keithley*, 227 Neb. 402, 418 N.W.2d 212 (1988). The facts are set forth in detail in *State v. Keithley, supra*.

On August 4, 1989, the defendant filed a motion for postconviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). The motion alleged ineffective assistance of his trial counsel in failing to request a jury instruction on manslaughter, ineffective assistance of appellate counsel in failing to raise ineffective assistance of counsel on appeal, and error by the trial court in failing to instruct on manslaughter.

The district court found that the defendant at trial had freely, voluntarily, knowingly, intelligently, and understandingly declined such an instruction and that there was no basis for the defendant's claims of ineffective assistance of trial and appellate counsel, and dismissed the defendant's motion on October 10, 1989.

The defendant has appealed and contends that the district court erred in finding he had not been denied effective assistance of trial and appellate counsel and in denying his motion for postconviction relief.

In an appeal from a denial of a motion for postconviction relief, the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Williams*, 234 Neb. 890, 453 N.W.2d 399 (1990).

In order to sustain a claim of ineffective assistance of counsel and obtain reversal of a conviction, the defendant must prove that (1) his counsel's performance was deficient and (2) such deficient performance prejudiced the outcome of the defendant's case. *Id*.

The defendant killed Weiner on December 24, 1959, but the

information charging the defendant with murder was not filed until February 10, 1986. At that time the statute of limitations barred a prosecution for manslaughter. Neb. Rev. Stat. § 29-110 (Reissue 1956) and its successors provide that a person may not be prosecuted for an offense for which the statute of limitations has run.

During the trial, the court advised the defendant that if the defendant wanted to waive the defense of the statute of limitations, the court would instruct the jury on manslaughter as a lesser-included offense. The record shows that the defendant refused to waive the statute of limitations and gave up his right to have the jury instructed that manslaughter was a lesser-included offense.

The defendant relies on *Jackson v. Olson*, 146 Neb. 885, 22 N.W.2d 124 (1946), and argues that he did not have to waive the statute of limitations in order to have the court instruct the jury as to manslaughter. In that case we said:

"Where an information charges the crime of murder in the first degree, murder in the second degree and manslaughter are included in the charge, the degree ordinarily being for the jury; and where the evidence and circumstances of the killing are such that different inferences may properly be drawn therefrom as to the degree, the court should submit the different degrees to the jury for them to draw the inference."

*Id.* at 902, 22 N.W.2d at 133.

We also stated that "the statute limiting prosecutions for felonies, by its specific terms, does not apply to prosecutions for murder." *Id.* at 903, 22 N.W.2d at 134.

In effect, the defendant argues that § 29-110's 3-year limitation does not apply to manslaughter because manslaughter is a degree of murder. The argument is without merit.

In 1959, murder in the second degree was defined as the intentional and malicious killing of another without premeditation. Neb. Rev. Stat. § 28-402 (Reissue 1956). Manslaughter was defined as the unlawful killing of another without malice, either upon a sudden quarrel, or the unintentional killing of another while in the commission of an

unlawful act. Neb. Rev. Stat. § 28-403 (Reissue 1956). Murder and manslaughter were and are separate offenses, although they are sometimes referred to as different degrees of criminal homicide. See *State v. Archbold*, 217 Neb. 345, 350 N.W.2d 500 (1984). Depending upon the facts in a particular case, manslaughter may be a lesser-included offense of murder. *State v. Drew*, 216 Neb. 685, 344 N.W.2d 923 (1984).

*Spaziano v. Florida*, 468 U.S. 447, 104 S. Ct. 3154, 82 L. Ed. 2d 340 (1984), dealt with the issue of whether a defendant is entitled to the benefit of both a lesser-included offense instruction and the defense of an expired period of limitations for that offense. In that case, the defendant was charged with and tried for first degree murder. There was no statute of limitations for capital offenses; however, the statute of limitations for noncapital offenses had expired. Following the close of the evidence, the trial court informed the defendant that it would instruct the jury on the lesser-included noncapital offenses of attempted first degree murder, second degree murder, third degree murder, and manslaughter, if the defendant would waive the statute of limitations as to those offenses. The defendant refused to waive the statute, the trial court instructed the jury only on capital murder, and the defendant was found guilty of first degree murder.

The U.S. Supreme Court held that as between the options of a mandatory waiver of an expired statute of limitations prior to receiving an instruction on lesser-included offenses on which the statute had run and of giving the defendant a choice between having the benefit of the lesser-included offense instruction or asserting the statute of limitations on the lesser-included offenses, "the better option is that the defendant be given the choice." 468 U.S. at 456.

In the *Spaziano* case, the defendant was given a choice as to whether to waive the statute of limitations on the lesser-included offenses of capital murder. The defendant knowingly chose not to waive the statute of limitations. The Court found that under those circumstances, the trial court did not err in refusing to instruct the jury on the lesser-included offenses.

In this case, the record shows that, in accord with the

*Spaziano* decision, there was a thorough discussion among the court, the defendant, and the defendant's attorney at the trial regarding whether a manslaughter instruction should be given. The defendant's trial counsel stated:

> I had a discussion with him, between Lew and myself and the client, and made a record that I had informed him of the option that he has to waive the statute of limitations and request the manslaughter instruction and request a lesser-included-offense conviction; and he has determined that he does not want to waive that and wanted no lesser-included Instruction.

Further, the trial court specifically asked the defendant on the record if he was aware that manslaughter could be a lesser-included offense, and if he wanted a manslaughter instruction. The defendant stated that he did not want an instruction on manslaughter and that he freely, voluntarily, knowingly, intelligently, and understandingly did not ask for an instruction on manslaughter.

The defendant and his trial counsel were faced with a strategic decision—whether to waive the statute of limitations. The defendant chose not to waive the statute of limitations and elected to waive the benefit of an instruction on manslaughter as a lesser-included offense. The fact that a trial strategy adopted by defense counsel proves to be unsuccessful in that the defendant is convicted does not alone sustain a finding of ineffectiveness of counsel. *State v. Williams*, 234 Neb. 890, 453 N.W.2d 399 (1990).

The defendant's assignments of error are without merit. The judgment of the district court is affirmed.

AFFIRMED.