STATE OF NEBRASKA, APPELLEE, V. KIM M. BRITT, APPELLANT.

465 N.W.2d 466

Filed February 1, 1991.   No. 89-1170.

Mark A. Weber, of Sherrets & Smith, for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is a postconviction action filed pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). Defendant was convicted, after a jury trial, of the crimes of possession with the intent to deliver heroin and possession with the intent to deliver marijuana. His convictions were affirmed in this court on his direct appeal. See *State v. Britt*, 228 Neb. 201, 421 N.W.2d 791 (1988). On August 16, 1988, defendant, pro se, filed a motion to vacate and set aside his conviction. On March 28, 1989, an amended motion for postconviction relief was filed by an attorney appointed by the trial court to represent defendant. Both motions alleged that defendant had been denied effective assistance of counsel.

A hearing was held on defendant's amended motion. On August 9, 1989, an order was entered generally denying defendant's motion for postconviction relief, but granting defendant an additional 58 days of credit for time served, because improper credit was inadvertently granted at the time of sentencing.

Defendant timely appealed to this court, and a different attorney was appointed to represent defendant on his appeal to this court for postconviction relief. In this court, defendant assigns three errors, which may be consolidated into two as follows: The trial court erred in finding that defendant was not deprived of effective assistance of counsel (1) at trial and (2) on defendant's original appeal to this court. We affirm.

The underlying facts are set out in the case deciding defendant's original appeal to this court. See *State v. Britt, supra*. The bill of exceptions was made an exhibit in this postconviction case, and further factual references are made in this opinion.

The substantive and procedural law controlling this appeal is settled. A defendant seeking postconviction relief has the burden of establishing the basis for such relief, and the findings

of the trial court will not be disturbed unless they are clearly erroneous. *State v. Keithley*, 236 Neb. 631, 463 N.W.2d 329 (1990); *State v. Joubert*, 235 Neb. 230, 455 N.W.2d 117 (1990).

In a postconviction action seeking relief on the basis of ineffective assistance of counsel, either at trial or on appeal, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Joubert, supra.*

The standard of review on a claim of ineffective assistance of counsel is set out in *State v. El-Tabech*, 234 Neb. 831, 833-34, 453 N.W.2d 91, 94 (1990), quoting from *State v. Jones*, 231 Neb. 110, 435 N.W.2d 650 (1989):

> " ' " 'When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions.' " ' " . . .
>
> . . . " '[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.' "

Defendant contends his trial counsel erred during the trial and his appellate counsel erred on his original appeal in a total of eight respects. First, defendant alleges that his trial court counsel erred in failing to call seven witnesses, identified in defendant's testimony at the postconviction hearing. According to affidavits signed by the prospective witnesses and produced by defendant, four of these witnesses would have testified to the

fact that defendant "got drugs from Gorum in the past," and one, Shelia Lee, the mother of defendant's child, would have testified that "on different ocassions [sic] Donald Gorum brought drugs for Kim [defendant] and picked-up money from Kim" and that "Kim sold drugs for Donald Gorum." The other two witnesses had no testimony of consequence. Of the seven witnesses, one had at least four prior felony convictions, one had three, and two had one. How these witnesses would have aided defendant at trial is not known to this court.

We have stated that the decision to call or not to call witnesses, made by counsel as a matter of trial strategy, will not, without more, sustain a finding of ineffectiveness of counsel. *State v. El-Tabech, supra*; *State v. Jones, supra*. In the case before us, the decision of defendant's counsel not to call such witnesses cannot be said to be the basis for a charge of ineffective counsel. Defendant's contention in this regard is without merit.

Defendant's second contention is that defendant's trial counsel failed "to object to the marijuana that was seized in the residence . . . ." Brief for appellant at 4. An objection to such evidence would not have been sustained. There was evidence from a witness, Donald Gorum, that defendant was staying at the residence in question at the time of his arrest. Defendant did not testify, but produced two witnesses that testified that he did not live at the residence in question when the marijuana was seized. There was a factual question on this issue, and defendant's counsel presented witnesses in support of defendant's position that he did not live in the residence where the marijuana was seized.

Gorum also testified that defendant had possession of a certain canister which contained small bags of marijuana and that defendant had been in possession of the contents, both at the residence where marijuana was seized in this case and at another residence. Any objection would have been overruled, and the objection would only have highlighted evidence which defendant's counsel knew was harmful to defendant's case. Such an approach by counsel could not be said to have constituted ineffective counsel. Defendant's contention on this point is without merit.

Defendant then contends that his counsel was ineffective "[i]n failing to contest standing on the search of the residence on appeal." *Id*. It is difficult to tell if defendant contends that his counsel erred in seeking to establish standing, or in not seeking standing. In any event, defendant's counsel did contest standing at a hearing on a motion in limine to suppress the evidence in question on the basis that defendant had nothing to do with the residence, and therefore any evidence of alleged drugs in the residence was immaterial, as the drugs would not belong to defendant. The trial court overruled the motion, and defendant's counsel did not object to the evidence at the trial—again for the obvious reason that the motion would not have been successful and, again, would only have highlighted the evidence. Defendant's contention on this point is without merit.

Defendant then contends that his counsel was ineffective "[i]n failing to contest the validity of the search warrant to search the residence . . . ." *Id*. Defendant's counsel could hardly contest the validity of the search warrant, unless he placed defendant in the position of having standing to contest the warrant. If defendant admitted standing, he could not then deny that he had no possessory interest in the house and thus continue to deny that he owned the marijuana seized in the residence. This contention is frivolous.

Defendant then contends that his trial counsel was ineffective "[i]n failing to contest the Defendant's standing on the warrant for the search of Britt's belongings found in Co-Defendant Gorum's automobile on appeal" and "[i]n failing to argue the warrant for the search of Gorum's automobile on appeal." *Id*. The premise for each of these contentions is wrong. There was no warrant for the search of Gorum's automobile, but, rather, a consent to search that automobile was given to police officers by Gorum, the admitted owner of the automobile. These contentions are without merit.

Defendant then contends that his appellate counsel erred "[i]n failing to argue the wrongful admission of evidence during the trial concerning the dismissed witness tampering charge at the time of appeal." *Id*. The short answer to the particular error assigned is that the issue could not have been raised on appeal

because no objection was made at trial, although defendant's counsel had filed a motion in limine on the issue. We have held that a motion for postconviction relief cannot be used as a substitute for an appeal. *State v. El-Tabech*, 234 Neb. 831, 453 N.W.2d 91 (1990).

If this contention is enlarged to contend that defendant's trial counsel was ineffective in not objecting to such evidence, the contention is still without merit. No testimony was adduced at the trial concerning any arrest of defendant or anyone for witness tampering. There was testimony concerning a confrontation between Gorum and defendant and defendant's brother as to whether Gorum lied when he testified that defendant's brother had "kicked" defendant out of the brother's residence. This testimony was relevant to the issue of defendant's residence, and failure to object to it was not ineffective. This contention is without merit.

Defendant's last contention is that defendant's counsel erred "[i]n failing to file a timely motion for a new trial." Brief for appellant at 4. Again, defendant's factual premise is wrong. Examination of the transcript of plaintiff's original trial shows that defendant's motion for new trial was overruled on the date of defendant's sentencing. This contention is frivolous.

Despite all the allegations made in this appeal, defendant has not shown that either his trial attorney or his attorney on his original appeal failed to perform as well as lawyers with ordinary training and skill in the criminal law in the area. Further, defendant has not shown that he was prejudiced in the defense of his case as a result of any of his attorneys' actions or inactions. Defendant's rights under the U.S. Constitution and the Nebraska Constitution were neither denied nor infringed so as to render his convictions void or voidable. The judgment of the district court is affirmed.

AFFIRMED.