STATE OF NEBRASKA, APPELLEE, V. FERNANDO SALAS, APPELLANT.
466 N.W.2d 790

Filed March 15, 1991.   No. 90-088.

Fernando Salas, pro se.

Robert M. Spire, Attorney General, and Barry Waid for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant appeals from an order of the district court dismissing his motion for postconviction relief based on ineffective assistance of counsel. We affirm.

In an appeal from a denial of a motion for postconviction

relief, the findings of the district court will not be disturbed unless they are clearly wrong. *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991).

On May 31, 1988, following a jury-waived trial, the defendant was convicted of possession of marijuana with intent to deliver, possession of cocaine with intent to deliver, and delivery of cocaine. The judgment was affirmed on his direct appeal, and the underlying facts are discussed in our opinion on that appeal. See *State v. Salas*, 231 Neb. 471, 436 N.W.2d 547 (1989).

On August 21, 1989, the defendant moved for postconviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). The motion alleged (1) ineffective assistance of his trial counsel in failing to disqualify himself due to his inability to speak Spanish, which was allegedly defendant's primary language; and (2) inadequate representation during the motion to suppress hearing, including (a) failing to adequately question the opening of a locked box during the search, (b) failing to question why the warrant was signed with whiteout corrections in it, (c) failing to file a motion in limine as to police statements, and (d) failing to question the reliability of a State's witness. At the hearing on his motion for postconviction relief, defendant was represented by appointed counsel. Although no additional evidence was presented at the hearing, judicial notice was taken of the entire record and trial proceedings.

The district court found that defendant's trial counsel was not deficient in his representation. In his motion, defendant alleged other errors, arising from a December 4, 1987, drug transaction, including complaints that the identification of the defendant was questionable, that only one of two bags of cocaine was tested, that no questions were asked of the backup officer, and that no pictures of the drug transaction were taken. As to these latter alleged errors, the court found that they related to matters which could have been raised in defendant's direct appeal.

The burden of proof in a postconviction action was recently summarized in *State v. Carter*, 236 Neb. 656, 662, 463 N.W.2d 332, 337-38 (1990), as follows:

In a postconviction relief action, to sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution or article I, § 11, of the Nebraska Constitution, and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* A criminal defendant must demonstrate prejudice was suffered from ineffectiveness of counsel. *Id.* The defendant has the burden of demonstrating ineffective assistance of counsel, and the record must affirmatively support the claim. *State v. Domingus*, 234 Neb. 267, 450 N.W.2d 668 (1990).

Defendant contends that he was born and received a high school education in Calie, Colombia, and that his counsel should have disqualified himself due to his inability to speak Spanish. Before accepting defendant's not guilty pleas, the trial judge explained the charges and the defendant's constitutional rights. The defendant responded affirmatively when asked if he understood the nature of the proceedings. A police officer noted during the motion to suppress hearing that although defendant had an accent, he was not difficult to understand. Prior to testifying at trial, defendant said that he understood English much better than he pronounced it and that if he did not understand any questions, he would make counsel explain. There is no evidence that defendant did not understand any part of the proceedings or that his counsel should have withdrawn because of his inability to speak Spanish.

Defendant was described in the search warrant as a Hispanic male. In the affidavit and application for issuance of a search warrant, the defendant was described as a Hispanic male with a Hawaiian accent. Defendant alleges that the warrant was voidable because his primary language is Spanish, and thus the reference in the "warrant" to a Hawaiian accent was incorrect.

He also contends that the search warrant was altered after defendant's Hawaii driver's license was seized by police officers during the search and that his counsel was ineffective in failing to subpoena a witness to question the officers' ability to differentiate between Spanish and Hawaiian accents. Defendant failed to specify which witness he believed should have been subpoenaed or how he was prejudiced by the failure to question such witness.

It is claimed by defendant that his counsel was ineffective in failing to subpoena the judge who issued the warrant. Apparently, he thought it should be shown whether the judge in fact authorized the warrant, when it was typed on a Douglas County form, marked to reflect Sarpy County, and contained whiteout corrections. No allegation was made as to how defendant felt that he was prejudiced. Defense counsel did question police officers regarding the whiteout corrections. The officers who applied for the warrant testified that the corrections were on the warrant when it was presented to the issuing judge and that they believed the typist made an error and corrected it accordingly.

Defendant claims that counsel was ineffective for failing to "force" the issue of the opening of a locked box which was not specifically listed in the warrant. Counsel did question the opening of the box. It was admitted that there was not a search warrant to open the box and that the box was not specified in the warrant.

The lawful scope of a search has been described as follows in *United States v. Ross*, 456 U.S. 798, 820-21, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982):

A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. . . . When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets,

drawers, and containers, in the case of a home . . . must give way to the interest in the prompt and efficient completion of the task at hand.

The Court in *Ross* also quoted Professor LaFave in a footnote, where LaFave explained:

"Places within the described premises are not excluded merely because some additional act of entry or opening may be required. 'In countless cases in which warrants described only the land and the buildings, a search of desks, cabinets, closets and similar items has been permitted.' " 2 W. LaFave, Search and Seizure 152 (1978) (quoting *Massey v. Commonwealth*, 305 S. W. 2d 755, 756 (Ky. 1957)).

456 U.S. at 821 n.27. Nebraska has adopted the *Ross* rule, according to *State v. Hansen*, 221 Neb. 103, 375 N.W.2d 605 (1985).

The search warrant specified a search of the premises for narcotics and money pertaining to an illegal narcotics operation, and the locked box represented an area within the lawfully searched premises. It was therefore not ineffective assistance of counsel for counsel not to question further the failure to obtain a subsequent warrant for the locked box, as the necessity for such a subsequent warrant is not supported by law.

It is contended by defendant that his counsel was ineffective in failing to move to disqualify a police report and related testimony about the December 4, 1987, drug transaction. No police reports were admitted into evidence, and thus defendant's counsel was not ineffective in this regard.

Defendant also alleges that his counsel was ineffective in failing to question the reliability of his ex-wife, Sharon Ferguson. Ferguson testified that the marijuana and cocaine found in her home belonged to the defendant. She also testified that the defendant occasionally supplied marijuana and cocaine to her for her to sell and that the money found in the locked box belonged to her and the defendant from their sale of drugs. Although defendant's counsel did not question if Ferguson and the prosecution had made any agreements in exchange for her testimony, Ferguson was a hostile witness, and it is obvious

from the record that the trial judge reminded her that she had been granted immunity and that her failure to testify could result in contempt charges being brought against her.

Defendant fails to specify what would have been a more effective theory on which to cross-examine his ex-wife and how he was prejudiced by the manner in which her testimony was presented. Defendant's failure to specify the manner in which he was prejudiced by his counsel's cross-examination of Ferguson is magnified by the fact that her testimony concerning the December 4, 1987, drug transaction was corroborated by the undercover police officer involved in the transaction.

Defendant has failed to show that his trial attorney failed to perform as well as lawyers with ordinary training and skill in criminal law in the area, that he was prejudiced in the defense of his case as a result of any of his attorney's actions or inactions, or that his rights under the U.S. or Nebraska Constitution were denied or infringed upon so as to render his convictions void or voidable.

The judgment of the district court in denying postconviction relief is correct and is affirmed.

AFFIRMED.