STATE OF NEBRASKA, APPELLEE, V. RANDALL S. WHITMORE,
APPELLANT.
469 N.W.2d 527

Filed May 10, 1991.    No. 90-495.

Jerry L. Soucie for appellant.

Robert M. Spire, Attorney General, and Terri M. Weeks for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

FAHRNBRUCH, J.

Randall S. Whitmore appeals from an order of the district court for Douglas County denying him postconviction relief upon his contention that his lawyer at trial and his other lawyer at sentencing had a conflict of interest arising from their representation of a codefendant.

Whitmore, who was convicted of five felony violations of Nebraska's controlled substance act, sought postconviction relief under Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989).

Because Whitmore had different lawyers upon his direct appeal and the conflict issues could have been raised at that time, we affirm.

A defendant seeking postconviction relief has the burden of establishing the basis for such relief, and the findings of the trial court will not be set aside unless they are clearly wrong. *State v. Britt*, 237 Neb. 163, 465 N.W.2d 466 (1991); *State v. Keithley*, 236 Neb. 631, 463 N.W.2d 329 (1990). See, also, *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990) (a defendant has the burden of demonstrating ineffective assistance of counsel). One moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution, causing the judgment against the movant to be void or voidable. *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991); *State v. Thomas*, 236 Neb. 553, 462 N.W.2d 862 (1990). In criminal proceedings, a defendant's right to effective counsel includes a lawyer's representation free from conflicting interests. *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990). "Conflict of interest" designates a situation in which regard for one duty tends to lead to disregard of another; a conflict of interest places a defense attorney in a situation inherently conducive to divided loyalties. *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988).

This is the defendant's second postconviction motion before

this court. Jurisdiction was denied in response to the first motion when the defendant was not in actual custody in Nebraska but, rather, in the Federal Bureau of Prisons. See *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990). Whitmore now alleges that he has been released from federal custody and has been in the actual physical and legal custody of the Department of Correctional Services for the State of Nebraska continuously since August 26, 1989. This court will consider this as defendant's first motion because the issues raised in the prior motion were not actually litigated. See *State v. Svoboda*, 199 Neb. 452, 259 N.W.2d 609 (1977) (for postconviction purposes, issues raised on direct appeal but disposed of procedurally were not "already litigated").

The core issue in Whitmore's case relates to an admission by Whitmore of which the factual background is well described in his direct appeal:

> This admission had to do with the defendant's ownership of certain keys which included keys to a 1971 brown Plymouth Valiant automobile and a toolbox located in the trunk.
>
> On November 23, 1981, the police searched that particular automobile, pursuant to a search warrant. The warrant had been issued on the strength of an affidavit which recited in substance that, according to informants, this particular automobile was used by the defendant and John White to cache illicit drugs, and which, although registered in the name of a fictitious Mark Salem, was nevertheless owned by the defendant. The search revealed several items which, upon analyzation, were found to be controlled substances. It was necessary for the State to somehow tie the defendant into the ownership or use and control of this automobile. . . . .
>
> On November 23, 1981, the police executed a search warrant permitting the search of the defendant's person and the premises at 2722 North 64th Street. The premises were entered by way of the front door through a glass panel that had been kicked out. The defendant was placed under arrest, which was on the strength of probable cause, without the issuance of an arrest warrant. He was not

given *Miranda* warnings.

Nevertheless, the officers asked the defendant if he was the owner of a specific set of keys found on the dresser in the room in which the defendant was located, and he answered that he was. Two of the keys were found to fit the trunk and door lock of the 1971 Valiant, and one fit a toolbox in the trunk.

*State v. Whitmore*, 221 Neb. 450, 454, 378 N.W.2d 150, 153 (1985).

Further, the record reveals that a small vial containing cocaine was found in Whitmore's pants, the question officers asked Whitmore was ruled a neutral question, and a fourth key opened White's apartment. The purported ownership of the keys was used to connect Whitmore to the drugs.

Whitmore now contends that his trial attorney, who represented both Whitmore and White, had an actual conflict of interest because the defendants had antagonistic defenses. The defense of each was claiming that the keys were owned by the other. The history of legal representation in this case is amply described in the district court's order concerning Whitmore's postconviction motion.

The thrust of Defendant's Motion is an alleged conflict of interest resulting from Attorney James M. Davis' representation of the Defendant and one John White. Essentially the two had been charged with possession with the intent to deliver the same drugs.

When the respective Informations were filed in January, 1982, Attorney Davis was retained by Defendant John White. Defendant Whitmore retained Attorney Ralph Smith.

. . . .

On June 21, 1984, and June 25, 1984, Defendant John White's, case was tried to the Court by Mr. Davis without the intervention of a jury. The Court took the case under advisement and while same was under advisement, Defendant Whitmore appeared in Court with Attorney Davis on June 28, 1984. Attorney Smith was granted leave to withdraw and on motion of Attorney Davis, the Defendant Whitmore was granted leave to withdraw his

previous waiver of trial by jury. Jury trial was set for July 9, 1984. A Miranda hearing was also held on June 28, 1984 and ruled on July 6, 1984.

There is no doubt but that White's case was still under advisement when Defendant Whitmore's trial commenced on July 9, 1984, or when it concluded by verdicts finding Defendant guilty of each charge and count on July 13, 1984.

On December 4, 1984, Defendant appeared for sentencing with Attorney J. William Gallup and was sentenced.

. . . .

Defendant hired new Counsel Taylor, Fabian, Thielen & Thielen to prosecute his appeal to the Supreme Court, and although the issue of conflict of interests was serious the issue of the conflict was not raised in or addressed by the Supreme Court in the direct appeal.

Allegedly, Davis spoke with the trial judge, who responded that there would be no conflict by the time of trial, presumably because White was being tried first. Whitmore now claims that Davis, at the suppression hearing and trial, did not present evidence to rebut the State's arguments that Whitmore possessed the cocaine in his pants or that he owned the keys. At the sentencing hearing Whitmore was represented by attorney Gallup, who Whitmore now alleges had an undisclosed conflict because he represented White at his preliminary hearing. The convictions were affirmed on direct appeal in *State v. Whitmore, supra*. Related cases are *State v. Whitmore, White, and Henderson*, 215 Neb. 560, 340 N.W.2d 134 (1983) (motion to suppress resulting in one-judge opinion later adopted by full court in *State v. White*, 220 Neb. 527, 371 N.W.2d 262 (1985)), and *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990) (postconviction motion dismissed for lack of jurisdiction).

On March 7, 1990, Whitmore filed this motion for postconviction relief. The district court for Douglas County denied the motion, finding that (1) "the issue of the conflict of interests involving attorney Davis was available to Defendant and his appellate Counsel for direct review by the Supreme

Court and that it should have been raised on direct review," (2) "from the files and records that an evidentiary hearing is not required," and (3) "there was a waiver of any infringement of the rights of the Defendant such that the judgment was neither void nor voidable under the Constitution of the State of Nebraska or the Constitution of the United States."

Whitmore assigns three errors: (1) Defendant was denied the right to effective and conflict-free representation, as guaranteed by the 6th and 14th amendments, because of his trial counsel's simultaneous representation of the adverse interest of the codefendant; (2) the trial court erred in failing to conduct a hearing on the issue of conflict of interest despite being aware and on notice that special circumstances existed indicating that a conflict of interest existed in regard to the joint representation; and (3) the trial court erred in failing to grant an evidentiary hearing on defendant's motion for postconviction relief.

Although the issues are adequately presented, this court need not address the merits of Whitmore's motion. This court has consistently applied the procedural bar rule whereby " '[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased.' " *State v. Otey*, 236 Neb. 915, 926, 464 N.W.2d 352, 360 (1991), quoting *State v. Nearhood*, 233 Neb. 767, 448 N.W.2d 399 (1989). See, *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990) (where defendant had opportunity to present a defense antagonistic to his codefendants and failed to do so, the procedural bar rule applies); *State v. Cole*, 224 Neb. 10, 395 N.W.2d 532 (1986); *State v. Cole*, 207 Neb. 318, 298 N.W.2d 776 (1980) (although an assigned error on postconviction may raise a constitutional question, it is still subject to the rule that where an issue is known to the defendant at trial and he fails to raise it in his direct appeal, the issue is waived). See, also, *U.S. ex rel. Henderson v. Thieret*, 671 F. Supp. 1193 (N.D. Ill. 1987), *aff'd* 859 F.2d 492 (7th Cir. 1988), *cert. denied, Henderson v. Greer*, 490 U.S. 1009, 109 S. Ct. 1648, 104 L. Ed. 2d 163 (1989) (alleged ineffectiveness of counsel at pretrial proceedings, at trial, and at sentencing could

have been presented on direct appeal, and failure to do so was procedural default which barred review in federal habeas corpus proceeding).

A motion for postconviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated on direct appeal or which were known to the defendant and counsel at the time of the trial and which were capable of being raised, but were not raised, in the defendant's direct appeal. *State v. El-Tabech*, 234 Neb. 831, 453 N.W.2d 91 (1990). The purpose of affording postconviction relief is not to permit the defendant endless appeals on matters already decided. Rather, the purpose is to correct errors of constitutional proportion which could not otherwise be raised on direct appeal, such as ineffectiveness of counsel who brought the direct appeal. *State v. Pope*, 218 Neb. 361, 355 N.W.2d 216 (1984).

Clearly, Whitmore could have raised the issue of conflict of interest by his trial attorney on direct appeal. At his direct appeal, Whitmore was represented by attorneys Fabian and Thielen, different counsel than he had at trial. Thus, this court is not faced with the problem whereby trial counsel and appellate counsel are identical. See, *Hopkinson v. Shillinger*, 866 F.2d 1185 (10th Cir. 1989) (habeas petitioner's failure to present argument as to ineffectiveness of trial counsel to state supreme court on direct appeal does not bar consideration of claim in habeas corpus proceeding *where trial counsel also represented petitioner on direct appeal*); *Riner v. Owens*, 764 F.2d 1253 (7th Cir. 1985), *cert. denied* 475 U.S. 1055, 106 S. Ct. 1282, 89 L. Ed. 2d 589 (1986) (identity of trial and appellate counsel can constitute sufficient "cause" to meet the first element of the "cause and prejudice standard" for federal habeas corpus review). Cf. *State v. Moore*, 235 Neb. 955, 458 N.W.2d 232 (1990) (except in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court; if not so raised, it will be considered to have been waived). Furthermore, even with new counsel in this appeal for postconviction relief, Whitmore has not assigned as error that his direct appeal counsels' oversight amounted to ineffective assistance of

counsel. See *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (where appellate counsel's performance is not constitutionally ineffective, there is no inequity in requiring defendant to bear the risk of attorney error that results in a procedural default).

There is no question that Whitmore knew of the conflict of interest at the time of his direct appeal. As early as February 22, 1984, in a hearing on the State's motion to consolidate, attorney Davis, with Whitmore present, objected to the consolidation, stating that "there's a probability of antagonistic defenses." Davis told the court that because the defendants were charged with possession of the same controlled substances, a determination would have to be made as to who exercised dominion and control over the contraband. Smith, Whitmore's own attorney at the time, concurred in the objection. In three affidavits attached to the motion for postconviction relief, Whitmore, Mary Whitmore, and Julie Davis state that when visiting attorney Gallup within a few weeks after the trial, which was concluded by jury verdicts on July 13, 1984, they were advised that there was a serious conflict of interest on the part of attorney Davis. It would appear that Gallup's advice was given in time to raise the conflict issue in Whitmore's direct appeal. Whitmore was not sentenced until December 4, 1984. This court takes judicial notice that Whitmore's direct appeal brief, which is the vehicle for claiming errors at trial, was not filed until April 30, 1985, and that the cause was not argued before this court until September 19, 1985.

Whitmore also raises the argument that his sentencing counsel had a conflict of interest. However, no such argument was raised at the district court hearing on this motion. Absent plain error, where an issue is raised for the first time in this court, it will be disregarded inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition. *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 407 N.W.2d 146 (1987). Even if Whitmore's argument had been raised in the district court below, it also would fall prey to the procedural bar. The same is true of the second and third assignments of error. The judgment of the district court is affirmed.

AFFIRMED.