STATE OF NEBRASKA, APPELLEE, V. TODD SCHRECK, APPELLANT.
399 N.W.2d 830

Filed January 30, 1987.   No. 86-557.

Avis R. Andrews, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Boslaugh, J.

After trial to a jury the defendant was found guilty of aiding and abetting Cynthia Capps to deliver marijuana in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1985). The defendant was sentenced to imprisonment for 3 to 10 years, the sentence to run concurrently with a sentence for forgery, which the defendant was then serving.

The defendant has appealed and contends (1) the verdict is contrary to law, (2) the verdict is not supported by sufficient evidence, and (3) the sentence imposed was excessive and constituted an abuse of discretion by the district court.

The offense occurred when Capps, a friend of the defendant, brought two marijuana cigarettes concealed in a pair of socks to the jail in Dodge County, Nebraska. The socks were to be delivered to the defendant, who was then an inmate of the jail. The marijuana cigarettes had been given to Capps by the defendant's brother for delivery to the defendant. In a telephone conversation the defendant had instructed Capps on how she was to pass the marijuana cigarettes to him during a sentencing hearing on a probation violation. Fearing that she would be caught, Capps did not follow through with that plan.

After the hearing, the defendant again telephoned Capps. The defendant was angry that Capps had not delivered the marijuana and gave her instructions on how to deliver it to him in jail by concealing it in his socks. When Capps acted concerned about doing this, the defendant told her she would not be caught because the items would not be searched. Capps testified that she took the cigarettes to the jail with the intent of delivering them to the defendant, knowing or believing the substance to be marijuana.

Upon her arrival at the jail the socks were delivered to a corrections officer, who discovered the cigarettes concealed in

the socks. Upon being questioned, both Capps and the defendant admitted the offense had been committed.

As to the first two assignments of error, the defendant argues that a suggestion incapable of being taken seriously by a reasonable person cannot be a basis for a charge of aiding and abetting a crime.

Under Neb. Rev. Stat. § 28-206 (Reissue 1985), "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender."

Recently, in *State v. Bennett*, 219 Neb. 601, 606, 365 N.W.2d 423, 426-27 (1985), we stated:

> Aiding and abetting involves some participation in the criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary, nor is it necessary that any physical part in the commission of the crime is taken or that there was an express agreement therefor. Mere encouragement or assistance is sufficient.

There is no requirement that the defendant participate in a criminal act that is likely to succeed without the perpetrators getting caught.

In regard to a similar earlier statute, we said:

> Aiding and abetting involves some participation in the criminal act or involves some conscious sharing in the criminal act, as in something that the accused wishes to bring about, in furtherance of a common design, either before or at the time the criminal act is committed, and it is necessary that he seeks by his action to make it succeed.

*State v. Foster*, 196 Neb. 332, 336, 242 N.W.2d 876, 879 (1976). While this language may suggest that the defendant's participation must amount to an effort to see the crime through to fruition, it does not support a view that encouraging a criminal act that involves a high risk of getting caught is an innocent act.

The evidence was more than sufficient for the jury to find the defendant guilty beyond a reasonable doubt, and the verdict was not contrary to law.

Finally, the defendant maintains that his sentence is excessive because it is disproportionate to the crime committed. The

defendant was convicted of a Class III felony, which, pursuant to Neb. Rev. Stat. § 28-105(1) (Reissue 1985), carries a maximum penalty of 20 years' imprisonment, or a $25,000 fine, or both, and a minimum sentence of 1 year's imprisonment. See, also, § 28-416(2)(b). The defendant was sentenced to imprisonment for 3 to 10 years, to be served concurrently with a sentence of 20 months to 5 years imposed in April 1985 on a forgery charge.

The defendant is 21 years old. His prior record includes a 1985 Class IV felony forgery conviction, a 1985 probation revocation arising out of a conviction for resisting arrest, and convictions on two counts of criminal attempt in 1983. The defendant's life has been disrupted and unstable since he was 11 years of age. He admits having drug and alcohol problems. Earlier, his participation in an inpatient treatment program for drugs and alcohol was terminated for inappropriate behavior.

In imposing the sentence, the trial court noted that the defendant had a long history of involvement with the law and was incarcerated on another charge at the time of sentencing. The court concluded that the defendant had continually failed to show respect for the judicial system and the laws of this State, as evidenced by his attempt to smuggle marijuana into jail.

Although severe, the sentence was not excessive in view of the defendant's record and the circumstances of the case. There was no abuse of discretion.

The judgment is affirmed.

AFFIRMED.