STATE OF NEBRASKA, APPELLEE, V. KENNETH R. CHARRON,
APPELLANT.
415 N.W.2d 474

Filed November 20, 1987.    No. 87-175.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

BOSLAUGH, J.

The defendant was convicted of third degree sexual assault, sentenced to 90 days in jail, and fined $500. Upon appeal to the district court the judgment was affirmed. Upon appeal to this court the defendant contends the evidence was insufficient to support the conviction.

In determining whether the evidence is sufficient to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of the explanations, or weigh the evidence. Such matters are for the trier of fact, and the conviction must be sustained if, taking the view of the evidence most favorable to the State, there is

sufficient evidence to support the conviction.
*State v. Williams, ante* p. 647, 648, 413 N.W.2d 907, 908 (1987); *State v. Duff, ante* p. 567, 412 N.W.2d 843 (1987); *State v. Moore, ante* p. 347, 411 N.W.2d 345 (1987); *State v. Jacobs, ante* p. 184, 410 N.W.2d 468 (1987); *State v. Schreck, ante* p. 172, 409 N.W.2d 624 (1987).

Sexual assault, third degree, is defined in Neb. Rev. Stat. § 28-320 (Reissue 1985):

> (1) Any person who subjects another person to sexual contact and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in either the second degree or third degree.
>
> . . . .
>
> (3) Sexual assault shall be in the third degree and is a Class I misdemeanor if the actor shall not have caused serious personal injury to the victim.

Sexual contact is defined in Neb. Rev. Stat. § 28-318 (Reissue 1985) as:

> (5) Sexual contact shall mean the intentional touching of the victim's sexual or intimate parts or *the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts.* Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. *Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party.*

(Emphasis supplied.)

In order for one to commit the offense of sexual assault in either the second or third degree, the victim must be subjected to actual sexual contact. *State v. Swoopes*, 223 Neb. 914, 395 N.W.2d 500 (1986).

The record shows that on June 4, 1986, at about 12 noon, the victim and her 2-year-old son were at the Sears store in the Crossroads shopping center in Omaha, Nebraska. The victim's car was parked on the store's west side, in front of the package

pickup portion of the store. While she was leaning into the back seat and placing her child in his carseat, the victim was grabbed from behind. She described the incident in the following manner: "He grabbed my rear end really hard forcibly with his hand and pushed and hurt, and especially with one finger." The victim testified that the touching was "on the outside of my clothing" and that the assailant's hand pushed on her vaginal area, causing pain.

Immediately following the incident, the victim turned around and saw the defendant walk across the parking lot. The victim testified that as the defendant walked away after the incident, his head was bouncing and he was laughing.

The victim followed the defendant until he reached his car, which was parked at the western end of the parking lot. The victim wrote down the license number of the defendant's car and reported the license number to the police, as well as descriptions of his person and his car. Later, the victim identified the defendant in a photographic lineup and at the trial.

The license number was traced to the defendant, and he was called to police headquarters concerning the June 4 incident. The defendant admitted that he had been in the parking lot of Children's Palace, a store located immediately to the west of the Sears parking lot, but denied having been in Sears' parking lot and denied any involvement in the incident described by the victim.

The defendant contends that the evidence failed to show that his conduct in touching the victim could be "reasonably construed as being for the purpose of sexual arousal or gratification of either party" as required by the statute.

The statute does not require proof of actual sexual arousal or gratification, but only circumstances and conduct which could reasonably be construed as being for such purpose. The act of the defendant in grabbing a woman from behind, pressing forcefully in the vaginal area, and then walking away, laughing and bobbing his head, were circumstances from which the trial court could find that the conduct of the defendant was for the purpose of his sexual arousal or gratification.

The evidence was sufficient to support the finding of guilty,

and the judgment is affirmed.

AFFIRMED.