STATE OF NEBRASKA, APPELLEE, V. KIM M. BRITT, APPELLANT.
421 N.W.2d 791

Filed April 8, 1988. No. 87-642.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

After a jury trial to the district court for Douglas County, the defendant, Kim M. Britt, was found guilty of possession of heroin with the intent to distribute, deliver, or dispense, and guilty of possession of marijuana with intent to distribute, deliver, or dispense. Both crimes were in violation of Neb. Rev. Stat. § 28-416 (Cum. Supp. 1986). The defendant was sentenced to imprisonment for a period of 5 to 7 years on the heroin count and 3 to 5 years on the marijuana count, with the sentences to be served consecutively. In his only assignment of error on appeal, the defendant contends that the evidence was insufficient as a matter of law to sustain the convictions. We affirm.

The record shows the following. On October 21, 1986, Donald Gorum was driving his car and saw defendant at a street corner in Omaha, Nebraska. Defendant asked Gorum for a ride to Shelia Lee's residence, where defendant was then residing. Lee is the mother of Britt's son, Kim Britt, Jr. As Gorum and defendant drove up to the Lee residence, they saw that a police cruiser was in the area. After hesitating for a few minutes, defendant got out of the car. As he was getting out of Gorum's car, defendant tossed "a packet of stuff in a cellophane pack" back in the car and said, "Just in case the Police are here." This packet contained small tinfoil-wrapped packets containing a substance later determined to be heroin.

When defendant entered the residence, he was informed by police that a search, pursuant to a search warrant, was in progress at the residence; that he was named in the warrant; and that he was under arrest. After defendant was informed that he was under arrest, a police officer approached Gorum, who had remained in his car, and asked for permission to search the vehicle. Gorum consented to the search. As a result of the search of the Gorum vehicle, the police found the cellophane packet containing eight packages of heroin, packaged for street sale, and a black leather jacket, which Gorum stated belonged to defendant. Gorum stated that defendant had been carrying the jacket when he picked him up. A pocket of the jacket contained three bags of marijuana. Police officers later discovered a large bag of marijuana inside the lining of the jacket.

Among the items seized in the search at the residence were a corn chip container containing approximately 23 bags of marijuana packaged for street sale, a gram scale, a hand scale, and four small bags of marijuana. Lee was placed under arrest. The cases against Lee and defendant were consolidated for trial, but during the trial this defendant's motion for mistrial was granted and that case continued on against Lee only. The disposition of her case can be found in *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987), and needs no further discussion here. Defendant was later tried in a separate trial.

We first note that, in resolving a challenge to the sufficiency of the evidence to support a conviction in a criminal case, it is

not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of the explanations, or weigh the evidence. *State v. Lane*, 227 Neb. 687, 419 N.W.2d 666 (1988); *State v. Richardson*, 227 Neb. 274, 417 N.W.2d 24 (1987); *State v. Charron*, 226 Neb. 871, 415 N.W.2d 474 (1987). Such matters are for the trier of fact, and the conviction must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support the conviction. *State v. Lane, supra*; *State v. Richardson, supra*; *State v. Charron, supra*.

Defendant contends that there was insufficient evidence to establish that he possessed the controlled substances with the intent to distribute, deliver, or dispense. The evidence before the jury, however, if believed, showed that the accused had physical or constructive possession of a drug with knowledge of its presence and its character as a controlled substance. Such evidence is sufficient to support a finding of possession. *State v. Lee, supra*; *State v. Sotelo*, 197 Neb. 334, 248 N.W.2d 767 (1977). Constructive possession of a controlled substance may be proved by direct or circumstantial evidence and may be shown by the accused's proximity to the substance at the time of the arrest or by a showing of dominion over the contraband. *State v. Sotelo, supra*; *State v. Hunt*, 224 Neb. 594, 399 N.W.2d 806 (1987); *State v. Lee, supra*.

Defendant contends that there was no evidence linking him to the drugs at the searched residence, nor was there evidence linking him to the drugs found in the Gorum vehicle and in the leather jacket. Donald Gorum, however, testified at trial that he had known the defendant all his life and that the defendant had informed him 2 or 3 days before the defendant was arrested that defendant was then residing with Lee because defendant's brother had "kicked him out" of his previous residence. Gorum additionally testified that defendant was buying groceries at the residence and could "come and go as he pleased."

As to the substances found in the Gorum vehicle, Gorum testified that he did not know that there were drugs in his vehicle until the defendant tossed the heroin at him. Gorum further testified that the black leather jacket containing the marijuana belonged to the defendant and had been left in Gorum's car by

the defendant when defendant left the car.

Furthermore, Gorum testified that he had seen the corn chip canister at the residence while defendant was living there. Although the defendant had been living at the residence for only a few days, Gorum testified that he had purchased marijuana from defendant at the searched residence and that the defendant had supplied the marijuana from the corn chip canister. Defendant attacks the credibility of Gorum's testimony due to the fact that Gorum himself had been charged with possession and intent to deliver, but it is not the province of this court to pass on the credibility of the witnesses. *State v. Richardson, supra*; *State v. Charron, supra*.

The marijuana seized during the search of the residence was packaged in 23 baggies. Testimony at trial referred to the quantities as "dime or nickel" bags and indicated that the marijuana was packaged for street sale. Further testimony showed that heroin is commonly sold on the street in "beans" and that the heroin found in the Gorum car was packaged into eight "beans" suitable for street sale. Such evidence was circumstantial evidence to prove defendant's possession of the contraband was for sale. Circumstantial evidence is sufficient to support a finding of guilt of possession of a controlled substance with intent to distribute, deliver, or dispense. *State v. Hunt, supra*; *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987).

The jury could properly find that the defendant was in possession of the heroin and marijuana found in the Gorum vehicle and was, additionally, in possession of the marijuana found at the searched residence. The jury could have properly found that the heroin in the car and the marijuana at the residence were packaged for street sale and were thus possessed by defendant with the intent to distribute, deliver, or dispense.

We determine that the evidence was sufficient to support the jury's finding of guilt on both counts. The judgment of the district court is affirmed.

AFFIRMED.