STATE OF NEBRASKA, APPELLEE, V. FERNANDO SALAS, APPELLANT.
436 N.W.2d 547

Filed March 10, 1989.   No. 88-619.

Chris M. Arps, of Arps & Schirber Law Offices, for appellant.

Robert M. Spire, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant has appealed from his convictions, following a jury-waived trial, of possession of marijuana with intent to deliver, possession of cocaine with intent to deliver, and delivery of cocaine. He assigns as error the insufficiency of the evidence to support his convictions and the excessiveness of the

sentences. We affirm.

In the early morning hours of January 12, 1988, Omaha and Sarpy County law enforcement officers executed a "no knock" search warrant at 7105 South 80th Street in LaVista. The premises searched were occupied by the defendant's ex-wife, the defendant, and four children of the two. Items seized included a locked plastic box and its contents, a police scanner, a small mirror and straw with cocaine residue, and two bags of marijuana weighing approximately 17.3 ounces. The contents of the locked box included approximately 2.6 ounces of cocaine, a small amount of marijuana, plastic baggies, a purse containing $277, and a small letter scale. All of the above-mentioned items were found in the master bedroom, which was occupied by defendant and his ex-wife when officers entered the house.

Defendant and his ex-wife were placed under arrest, transported to the Sarpy County jail, and charged with possession of controlled substances with intent to deliver. During the booking procedure, a search of the defendant produced $1,500 in cash, found in a pocket of swimming trunks the defendant was wearing underneath his jeans.

The defendant told officers that the cocaine was his, but that he was working as a Crime Stoppers informant for the Hawaii police department. According to defendant, he had been sent to Pittsburgh to purchase the cocaine and was to return to Hawaii, where he lived, and deliver the cocaine to authorities there, who would then return to Pittsburgh to arrest the supplier of the cocaine. He said that he was spending a few weeks at the home of his ex-wife to see his children before returning to Hawaii.

The ex-wife testified that the defendant brought the marijuana with him when he came to visit her and the children. She further testified that the cocaine belonged to the defendant and that she had accompanied him to Pittsburgh and New York when he purchased the cocaine.

Count III of the amended information, delivery of cocaine, arose out of an incident that occurred prior to execution of the search warrant. On December 4, 1987, an undercover narcotics officer with the Sarpy County sheriff's office met with defendant's ex-wife at a grocery store parking lot. According to

the officer, during the meeting with the ex-wife, she was in the driver's seat, the defendant was in the front passenger seat, and the officer was in the back seat. The ex-wife opened her purse, took out two packets of cocaine, and handed them to the officer. The officer handed her $200, which she then gave to the defendant.

Circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish the defendant's guilt beyond a reasonable doubt. *State v. Wiggins*, 230 Neb. 632, 432 N.W.2d 824 (1988); *State v. Jones*, 230 Neb. 528, 432 N.W.2d 523 (1988). In a criminal case established by circumstantial evidence, the State is not required to disprove every hypothesis but that of guilt. *Jones, supra*; *State v. McDonald*, 230 Neb. 85, 430 N.W.2d 282 (1988).

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *Wiggins, supra*; *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988).

Constructive possession of an illegal substance may be proved by direct or circumstantial evidence, and may be shown by the accused's proximity to the substance at the time of arrest or by a showing of dominion over the substance. *State v. Bustos*, 230 Neb. 524, 432 N.W.2d 241 (1988); *State v. Britt*, 228 Neb. 201, 421 N.W.2d 791 (1988).

Circumstantial evidence of the defendant's proximity to the drugs at the time of arrest was sufficient to establish his constructive possession of the drugs. The defendant was residing in the home of his ex-wife while he was visiting his children. He arrived in Nebraska on November 20, 1987. When officers entered the home to conduct the search, the defendant was occupying the master bedroom with his ex-wife. The marijuana and cocaine were found within the master bedroom.

The defendant's ex-wife testified that he brought the marijuana with him from Hawaii. She also testified that she

accompanied him on a trip to Pittsburgh and New York, during which he purchased the cocaine. The defendant himself had told several officers that the cocaine was his. He had also given the officers a story about his purchasing the cocaine for the Hawaii police department.

However, defendant's response in his testimony was that everyone else was lying and only he was telling the truth. He testified that the marijuana belonged to his ex-wife and that he had accompanied her on a trip to Pittsburgh and New York during which she picked up the cocaine from friends of one of her lovers. According to defendant, he never told the local enforcement agents that the cocaine was his or that he was an informant for the Hawaii police.

Apparently, the trial court found the testimony of the ex-wife and the law enforcement officers to be more credible than the testimony of the defendant, a finding this court cannot disturb on appeal.

Circumstantial evidence is sufficient to support a finding of guilty of possession of a controlled substance with intent to distribute, deliver, or dispense. *Britt, supra*; *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987); *State v. Hunt*, 224 Neb. 594, 399 N.W.2d 806 (1987). Possession of a quantity of a controlled substance in a form customarily used for delivery or distribution will support an inference of possession with intent to deliver or distribute. *Lee, supra*.

The amount of drugs found during the search, in addition to packaging material and a small scale commonly used for weighing drugs for sale, provided sufficient circumstantial evidence of possession with intent to deliver or distribute to support defendant's convictions on the first two counts of the information.

It is apparent that the trial court found defendant guilty of delivery of cocaine, charged in the third count, as an aider and abettor of his ex-wife.

Neb. Rev. Stat. § 28-206 (Reissue 1985) provides: "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." One who participates with another in committing an unlawful act is as responsible for the act as the

one who actually performed it. *McDonald, supra.*

Aiding and abetting involves some participation in the criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary, nor is it necessary that any physical part in the commission of the crime is taken or that there was an express agreement therefor. Mere encouragement or assistance is sufficient. *State v. Marco,* 230 Neb. 355, 432 N.W.2d 1 (1988); *State v. Schreck,* 224 Neb. 650, 399 N.W.2d 830 (1987).

Mere presence, acquiescence, or silence, in the absence of a duty to act, is not enough to constitute one an accomplice. Neither is knowledge, without more, generally sufficient to constitute one an accomplice. *State v. Morrow,* 220 Neb. 247, 369 N.W.2d 89 (1985). However, if a reading of the record demonstrates that the individual's involvement went beyond mere presence and passivity, there may be sufficient evidence to sustain a conviction for aiding and abetting. See *Morrow, supra.*

The record here reflects that the defendant's involvement in the sale of cocaine to the undercover agent went beyond mere presence and passivity. It is reasonable to infer from the evidence that defendant was aware of the fact that his ex-wife was selling cocaine. Defendant's participation in this sale went beyond mere presence, acquiescence, or silence. The defendant participated in the crime when he accepted without protest the money paid for the cocaine sold by his ex-wife. From this the trial judge could reasonably infer that the defendant encouraged the sale, and the evidence is sufficient to support the defendant's conviction for delivery of cocaine.

Defendant complains that the sentences were excessive. He was sentenced to terms of imprisonment of 15 to 45 months, 30 to 90 months, and 30 to 90 months, all to run concurrently. Pursuant to Neb. Rev. Stat. §§ 28-105(1) (Reissue 1985) and 28-416 (Cum. Supp. 1988), possession with intent to deliver marijuana is a Class III felony, punishable by imprisonment for not less than 1 nor more than 20 years. Possession of cocaine with intent to deliver and delivery of cocaine are each Class II felonies, punishable by imprisonment for not less than 1 nor more than 50 years.

All three sentences in this case were within the statutorily prescribed limits. Where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988); *State v. Jones*, 230 Neb. 528, 432 N.W.2d 523 (1988).

The trial court found that imprisonment was necessary for the protection of the public because of the substantial risk that the defendant, if placed on probation, would engage in additional criminal activity, and found that a lesser sentence would depreciate the seriousness of the defendant's crimes and promote disrespect for the law. These are two of the three principal considerations provided for in Neb. Rev. Stat. § 29-2260 (Cum. Supp. 1986) in determining whether to place a defendant on probation. Furthermore, the seriousness of the offense is one of the important factors in setting a sentence, as is evidence of a defendant's character or previous conduct. *State v. Antillon*, 229 Neb. 348, 426 N.W.2d 533 (1988). We find no abuse of discretion on the part of the trial court. The judgment of the district court as to each count is affirmed.

AFFIRMED.