STATE OF NEBRASKA, APPELLEE, V. DAVID L. SIERKS, APPELLANT.

440 N.W.2d 231

Filed May 19, 1989.   No. 88-783.

James Michael Edgar, of Edgar & Wilson Law Offices, for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, David L. Sierks, was convicted of public indecency in violation of Neb. Rev. Stat. § 28-806(1) (Reissue 1985) and was fined $250 and costs. Upon appeal to the district court, the judgment was affirmed. The defendant has appealed to this court and contends the evidence was not sufficient to support the conviction.

The record shows that the defendant entered Casey's General Store in Hickman, Nebraska, at about 8:45 p.m. on November 11, 1987. According to the cashier who was on duty at that time, the defendant was wearing a navy-blue mechanic's uniform. The cashier testified that she "thought" the name printed on the defendant's shirt was "Dave." At this time, there were no other customers or employees in the store, and the cashier was in the

"back room," putting tapes away. Another employee was in the "pizza room" at the back of the store. The cashier returned to the front of the store and stood behind the counter by the cash register. At this time, the defendant was near the back of the store, at the milk cooler. As he began walking to the front of the store, the cashier saw that the defendant's pants were unzipped and his penis was exposed. According to the cashier, the defendant's penis was not erect but was "not completely placid." The cashier testified that she was shocked, and although the defendant did nothing to call attention to his exposed genitals, it was her feeling that the exposure was deliberate because if the defendant's zipper was broken, or his trousers had been unintentionally left unzipped, his genitals would "not hang out all the way like that." The defendant had not visited the restroom in the store, and when the defendant entered the store, his genitals were not exposed. After the defendant left the store, the cashier testified, she saw him drive away in a dark-green pickup, probably a Ford, with a license number of 2-15587. The cashier then reported the incident to the sheriff's office.

About 3 weeks later, while the cashier was on duty, she saw the defendant again in the store. At that time she told a coworker, "[T]hat's him." After the defendant left the store that time, she saw him drive away in a cream-colored Escort. She noted the license number and reported the matter to the sheriff's office.

Deputy Sheriff Kevin Pohlen testified that he made a followup investigation of the incident on November 29, 1987. Pohlen verified that the license numbers reported by the cashier were for vehicles owned by the defendant and his wife. Pohlen contacted the defendant at his home and informed him that he had been identified as the person responsible for exposing his genitals in the store on November 11, 1987. Pohlen testified that the defendant "was pretty much shocked" to find himself being investigated for public indecency. The defendant told Pohlen that he was unable to remember whether he had been at Casey's General Store on the evening of November 11. When asked if he was responsible for exposing himself to a store employee, he responded, "I could have done it, but I just don't

remember doing anything like that." The defendant admitted that he was employed by a service station and for his job wears industrial clothing—blue pants or a blue work shirt. The defendant also admitted that he owned a beige Ford Escort and a blue Ford pickup.

At the trial, the defendant testified that he was at home the evening of November 11 and did not leave the house. His testimony was corroborated by that of his wife.

The evidence was in conflict and presented questions of fact for the trial court. In resolving a challenge to the sufficiency of the evidence, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such questions are for the trier of fact, and a judgment must be affirmed if, taking the view of the evidence which is most favorable to the State, there is sufficient evidence to support it. *State v. Lesac*, 231 Neb. 718, 437 N.W.2d 517 (1989).

Public indecency by exposing genitals of the body in public requires proof that the exposure was done with intent to affront or alarm any person. § 28-806.

Although the defendant contended at trial that he was not at Casey's General Store on the evening of November 11, 1987, his principal contention in this court is that the State failed to prove beyond a reasonable doubt that he exposed himself to the victim with intent to affront or alarm. Intent, like any mental process or other state of mind of a defendant, may be proved not only by direct but also by circumstantial evidence and the inferences drawn therefrom. *State v. Batiste*, 231 Neb. 481, 437 N.W.2d 125 (1989); *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988). The evidence of the State was such that, if believed, it was sufficient to permit the trial court to find that the defendant possessed the requisite intent.

The question in this case is somewhat similar to that in *State v. Charron*, 226 Neb. 871, 415 N.W.2d 474 (1987), where the State was required to prove that the defendant's sexual contact with the victim had been for the purpose of sexual arousal or gratification of either party. Neb. Rev. Stat. §§ 28-320 and 28-318(5) (Reissue 1985). The defendant claimed that the

evidence failed to show that his conduct in touching the victim could be "reasonably construed as being for the purpose of sexual arousal or gratification" as required by the statute. We held that "[t]he statute does not require proof of actual sexual arousal or gratification, but only circumstances and conduct which could reasonably be construed as being for such purpose." *Id*. at 873, 415 N.W.2d at 475-76.

In this case the evidence is that the victim saw the defendant walk from the rear of Casey's General Store to the front of the store, with the zipper of his pants unzipped and his penis exposed. The circumstances were such that the trial court could find that the exposure was not accidental, but was deliberate, and was done with the intent to affront or alarm the victim.

The judgment is affirmed.

AFFIRMED.