611 N.W.2d 527 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Joey Duane OLIVER, Defendant-Appellant.
Docket No. 1112341, COA No. 184741.
Supreme Court of Michigan.
June 14, 2000.
On its own motion, the Court orders that this case be reargued and resubmitted together with People v. Taylor, ___ Mich. ___, 611 N.W.2d 529 (2000) at a future session of the Court once supplemental briefs have been filed and both cases are ready for submission. We direct each party to file a supplemental brief specifically addressing the following questions:
1. Did the police officer who effectuated the investigatory stop of the motor vehicle in this case have any significant basis for doing so other than the mere race and sex of the occupants of the car?
2. Does defendant have Fourth Amendment "standing" to challenge the admission of the evidence seized as a result of the investigatory stop of the motor vehicle in this case? See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
3. How does defendant's status as a mere passenger in the motor vehicle in this case affect the Fourth Amendment "standing" analysis?
4. If defendant were the owner of the motor vehicle in this case, how would his possessory interest affect the Fourth Amendment "standing" analysis?
5. Does the "fruit of the poisonous tree" concept of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), have any application in cases in which a moving automobile with multiple occupants is seized in violation of the Fourth Amendment?
6. How does the principle articulated in Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), that a defendant may only seek to invoke the Fourth Amendment exclusionary rule with regard to a violation of that defendant's own Fourth Amendment rights apply to this case?
7. Should the stop of a moving automobile occupied by more than one person be analyzed as one "seizure" of the vehicle or as multiple "seizures" of the vehicle and each of its occupants for purposes of the Fourth Amendment and the Fourth Amendment exclusionary rule? Is the language from Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), that "stopping an automobile and detaining its occupants constitute a `seizure' within the meaning of [the Fourth and Fourteenth] Amendments" instructive?
The supplemental brief of appellant shall be filed within 56 days and the supplemental brief of appellee within 35 days thereafter.
TAYLOR, J. (concurring)
I concur fully in the Court's order. I disagree with Justice Cavanagh's harsh assessment that "[a]dditional briefing in this case ... serves no other purpose than delay." On the contrary, in light of our decision to grant leave to appeal in People *528 v. Taylor, ___ Mich. ___, 611 N.W.2d 529, there is strong reason to consolidate the present case with Taylor. These two cases both arise from the same bank robbery and ensuing stopping of a car. The defendant in this case was a passenger in the car that was stopped, while the defendant in Taylor was the driver of the car. Each case involves a claim that incriminating evidence resulting from the stopping of the car should be suppressed because of the Fourth Amendment exclusionary rule. These cases are obviously interrelated and involve quite difficult legal questions regarding the extent of a defendant's "standing to challenge" a traffic stop as violative of the defendant's Fourth Amendment rights.
One question that may be important in resolving these cases is whether standing to challenge a traffic stop differs as between the driver of a motor vehicle that is stopped and a mere passenger in such a vehicle. In this regard, consolidating Oliver and Taylor for resolution may provide a valuable context for this Court to definitely resolve whether drivers and mere passengers in motor vehicles should be treated differently or the same with regard to motions to suppress evidence on the ground that the stopping of a motor vehicle violated the Fourth Amendment. Indeed, while some of the points that appear of possible importance to this Court have been addressed in the previous argument of the parties in the present case, this case in isolation does not give us the benefit of adversarial briefing from a party such as the defendant in Taylor who was the driver of the car involved in this case. Such further briefing may prove useful to avoid erroneous or ill-advised holdings by this Court in resolving the challenging issues presented in these cases.
In sum, while I regret that this order may cause some delay or inconvenience to the parties in the present case, this Court's action today to consolidate this case with Taylor for resolution and to direct the attention of the parties in each case to certain important matters is called for by important jurisprudential considerations.
MICHAEL F. CAVANAGH, J. (dissenting)
I dissent from this highly unusual order directing the parties to brief and argue issues that were already specifically briefed and argued before this Court this past December. This case involves the reasonableness of the stop of four "driving while black" males. It is hardly a complex case and rises and falls on the facts of record. The majority has simply restated the issues as justification for holding this case over until next term. This burden should not twice be placed on the parties. Rather than evade the duty to make a timely decision in this case, the Court having reviewed the briefs and transcripts, should simply resolve this matter now and release an opinion.
Issue 1 was briefed and argued extensively by the parties in pp. 1-8, and pp. 10-15 of appellant's brief on appeal, pp. 1-6 of appellant's reply brief, and pp. 1-17 of appellee's brief on appeal. In addition, both parties addressed this issue at oral argument, and we have the benefit of an 83 page evidentiary hearing transcript detailing the exact facts that Deputy Elder testified he relied upon in making the stop. In addressing this issue, amicus curiae, the Prosecuting Attorneys Association of Michigan, advised this Court that it could "find nothing to add to [appellee's] outstanding argument on the question of reasonable suspicion." Brief at 24. Appellant's reply brief argues that appellee may not, at this point, expand the record to argue that defendants were driving in a "circuitous route" because there is no mention of this fact in the record. I agree and would not allow an expansion of the record, nor would I prompt the parties to do so.
Issues 2-7 were briefed in pp. 8, 15-31 of appellant's brief on appeal, pp. 1-5 of appellant's supplemental brief, pp. 7-9 of appellant's reply brief, pp. 17-21 of appellee's *529 brief on appeal, and pp. 4-23 of the Prosecuting Attorneys Association of Michigan's amicus curiae brief. In addition, we heard extensive oral argument on this issue.
Additional briefing is, on rare occasions, requested by this Court when unanticipated issues arise. However, such a circumstance is not before us. This Court has had the benefit of almost 100 pages of briefing on these very issues, two lower court opinions, and oral argument. Additional briefing in this case will be redundant, an added, costly burden to the parties and serves no other purpose than delay. Therefore, I cannot join in this order.
MARILYN J. KELLY, J. concurs in the statement by MICHAEL F. CAVANAGH, J.