611 N.W.2d 529 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Anthony Duane TAYLOR, Defendant-Appellant.
Docket No. 115064, COA No. 190480.
Supreme Court of Michigan.
June 14, 2000.
On order of the Court the application for leave to appeal is considered and leave to appeal is GRANTED. It is further ordered that this case be argued together with People v. Oliver, ___ Mich. ___, 611 N.W.2d 527 (2000) at such future session as the cases may be ready for submission. We direct each party to specifically address the following questions in its brief on appeal:
1. Did the police officer who effectuated the investigatory stop of the motor vehicle in this case have any significant basis for doing so other than the mere race and sex of the occupants of the car?
2. Does defendant have Fourth Amendment "standing" to challenge the admission of the evidence seized as a result of the investigatory stop of the motor vehicle in this case? See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
3. How does defendant's status as the driver of the motor vehicle in this case affect the Fourth Amendment "standing" analysis?
4. If defendant were the owner of the motor vehicle in this case, how would his possessory interest affect the Fourth Amendment "standing" analysis?
5. Does the "fruit of the poisonous tree" concept of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), have any application in cases in which a moving automobile with multiple occupants is seized in violation of the Fourth Amendment?
6. How does the principle articulated in Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), that a defendant may only seek to invoke the Fourth Amendment exclusionary rule with regard to a violation of that defendant's own Fourth Amendment rights apply to this case?
7. Should the stop of a moving automobile occupied by more than one person be analyzed as one "seizure" of the vehicle or as multiple" seizures" of the vehicle and each of its occupants for purposes of the Fourth Amendment and the Fourth Amendment exclusionary rule? Is the language from Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), that "stopping an automobile and detaining its occupants constitute a `seizure' within the meaning of [the Fourth *530 and Fourteenth] Amendments" instructive?