**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 24, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                  No. 112713

THOMAS McCLAIN HUNTER,

    Defendant-Appellee.

_____

PER CURIAM

    The defendant was convicted by a jury of conspiracy to possess with intent to deliver 650 grams or more of cocaine[1] and possession with intent to deliver 650 grams or more of cocaine.[2] The Court of Appeals sustained the conviction for possession with intent to deliver, but reversed the conspiracy conviction on the ground that the evidence was insufficient to

_____

[1] MCL 750.157a, 333.7401(2)(a)(i).

[2] MCL 333.7401(2)(a)(i).

show that defendant and his coconspirator agreed that the amount of cocaine would exceed the statutory minimum. We conclude that the evidence was sufficient, and reverse.

I

The evidence at trial showed that the defendant flew from Detroit to Los Angeles. The details of his activities in Los Angeles were not established. However, postal inspectors became suspicious of a package addressed to an apartment in Oakland County, Michigan, and contacted officials in Oakland County. A dog trained to detect controlled substances confirmed the presence of drugs. The package was opened, inspected, and rewrapped. It contained over 1,000 grams of cocaine.

An officer then delivered the package to the apartment of Dorothy Jenkins, the defendant's girlfriend, to which it was addressed.[3] Ms. Jenkins signed for the package. Officers later entered the apartment with a search warrant and arrested her.

Ultimately, Jenkins cooperated with the police. She testified at length about her discussions with defendant concerning the California trip and the shipment of drugs, as well as the defendant's activities before that time. Jenkins said that after the package arrived, defendant opened it,

---

[3] Testimony indicated that handwriting on the package was defendant's.

2

discarded the outer wrapping, and left, climbing out a back window.[4]

The defendant was charged with conspiracy to possess with intent to deliver 650 or more grams of cocaine and with possession with intent to deliver that amount of cocaine.[5] The jury found the defendant guilty as charged, and he was sentenced to life in prison.

## II

On appeal, the Court of Appeals majority rejected most of the issues raised by the defendant, but agreed with his claim that the evidence was insufficient to show an agreement regarding the amount of cocaine that the defendant would be sending.[6] The majority concluded that the prosecutor's evidence established an agreement between defendant and Jenkins to possess cocaine. However, relying on *People v Justice (After Remand)*, 454 Mich 334; 562 NW2d 652 (1997), it found that there was insufficient evidence regarding the quantity of drugs that they agreed to possess:

> In January of 1993, defendant was planning a
> trip to Los Angeles, California. Before leaving

---

[4] Though some of his movements were later reconstructed, the drugs from the package were never recovered.

[5] Ms. Jenkins was charged with the same offenses, and pleaded guilty to a lesser charge as part of her agreement to testify.

[6] Unpublished opinion per curiam, issued July 7, 1998(Docket No. 182324).

for Los Angeles, defendant told Jenkins that he was going to send her a package and asked for her address. Jenkins admitted that she "had an agreement with [defendant] that [she] was going to sign for a package containing cocaine." However, she acknowledged that she did not know how much cocaine would be sent. In Michigan, the crime of conspiracy is complete upon formation of the agreement. *Justice, supra* at 345-346. Thus, the evidence clearly established a conspiracy to possess cocaine. There was additional evidence from which the jury could infer that *defendant* intended to deliver in excess of 650 grams of cocaine. However, there was no evidence, direct or circumstantial, that Jenkins had the specific intent to combine with defendant to deliver in excess of 650 grams of cocaine to a third person. Under these circumstances, the prosecution failed to prove an essential element of the conspiracy charge, *Justice, supra* at 349, and defendant's conviction on that charge must be reversed. [Emphasis in original.]

Judge Gribbs dissented. He thought the testimony of coconspirator Jenkins sufficient to establish the quantity element, explaining:

The coconspirator in this case had an intimate relationship with defendant and spent a great deal of time with him. She testified that she saw defendant with "kind of a large quantity" of cocaine, larger than a sandwich bag, every two or three days. The conconspirator indicated the size of the bags with her hands for the jury. Defendant arranged to go to California to "check on some situation" concerning cocaine, and told her that he was going to mail a package of cocaine to her apartment. The coconspirator testified that she and defendant discussed the package of cocaine on a regular basis and that defendant indicated that the package was worth "too much money" to walk away from. The coconspirator knew that she could get into trouble for signing for the package, and knew that defendant planned to take the cocaine and "run with the package" immediately as soon as the package arrived.

4

Applications for leave to appeal were filed by both the prosecutor and the defendant, who raised a number of issues that the Court of Appeals had rejected. We entered orders denying the defendant's application[7] and holding the prosecutor's application in abeyance for *People v Mass*, Docket No. 115820.[8] *People v Mass* has been decided, 464 Mich 615; 628 NW2d 540 (2001),[9] and we again consider the prosecutor's application.

                                  III

This case involves a claim that the evidence was insufficient to establish the defendant's guilt of conspiracy to possess with intent to deliver 650 or more grams of cocaine. In *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), we summarized the principles appellate courts are to

---

[7] 462 Mich 878(Docket No. 112783).

[8] Unpublished order, entered June 13, 2000 (Docket No. 112713).

[9] *People v Mass* does not resolve the issue presented in this case. In *Mass* we held that the amount of controlled substance is an element of a charge of delivery of controlled substance, but that knowledge of the amount is not. In a conspiracy case, however, we said that knowledge of the amount of a controlled substance is an element of conspiracy with intent to deliver a particular amount. In *Mass*, the conspiracy conviction was reversed and reduced to a lesser offense because the trial court did not submit the amount element to the jury.

*Mass* is not helpful to the disposition of this case because here the trial judge did instruct the jury that in order to convict it needed to find an agreement to possess with intent to deliver over 650 grams of cocaine.

apply in reviewing such claims:

> In short, when determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. [Citations omitted.]

IV

In *People v Justice, supra*, we explained the elements of a conspiracy charge such as that involved in this case:

> To be convicted of conspiracy to possess with intent to deliver a controlled substance, the people must prove that (1) the defendant possessed the specific intent to deliver the statutory minimum as charged, (2) his coconspirator possessed the specific intent to deliver the statutory minimum as charged, and (3) the defendant and his coconspirator possessed the specific intent to combine to deliver the statutory minimum as charged to a third person. [454 Mich 349.]

In this case, the prosecution had direct evidence that defendant and Jenkins conspired to possess with intent to deliver cocaine. The evidence with regard to their intent about quantities was circumstantial. Such evidence, however, unquestionably can establish the requisite element. As we said in *People v Wolfe*, 440 Mich 526:

> Possession with intent to deliver can be established by circumstantial evidence and reasonable inferences arising from that evidence, just as it can be established by direct evidence. *Peterson v Oceana Circuit Judge*, 243 Mich 215, 217; 219 NW 934 (1928); *People v Maliskey*, 77 Mich App 444, 453; 258 NW2d 512 (1977). See also [*United States v Montes-Cardenas,* 746 F2d 771, 778 (CA 11, 1984)]; [*United States v Castillo,* 844 F2d 1379,

6

1392 (CA 9, 1988)]; *State v Salas*, 231 Neb 471, 473-474; 436 NW2d 547 (1989); *State v Poellinger*, 153 Wis 2d 493, 503-504; 451 NW2d 752 (1990). Indeed, we agree with the Supreme Court of Wisconsin that "circumstantial evidence is oftentimes stronger and more satisfactory than direct evidence." *Id*. at 501-502. For this reason, inferences drawn from circumstantial evidence are reviewed in the same manner as those drawn from direct evidence.

Further, it is well established that it is not necessary that each of the coconspirators have full knowledge of the extent of the conspiracy:

> A person may be a party to a continuing conspiracy by knowingly co-operating to further the object thereof. *People v Heidt,* [312 Mich 629; 20 NW2d 751 (1945)]. It is not necessary to a conviction for conspiracy that each defendant have knowledge of all its ramifications. *People v DeLano*, 318 Mich 557 [28 NW2d 909 (1947)]. Nor is it necessary that one conspirator should know all of the conspirators or participate in all of the objects of the conspiracy. *People v Garska*, 303 Mich 313 [; 6 NW2d 527 (1942)]. [*People v Cooper*, 326 Mich 514, 521; 40 NW2d 708 (1950), aff'd on rehearing 328 Mich 159 (1950).]

Applying these principles to the evidence, we conclude that the evidence was sufficient for the jury to find that the defendant and Jenkins conspired to possess with intent to deliver 650 or more grams of a controlled substance. The evidence clearly showed that defendant and Jenkins conspired to possess cocaine with intent to deliver. Defendant was to mail a package containing cocaine from California to Jenkins' apartment, where she would sign for it.

Other evidence in the case was sufficient for the jury to

7

infer that the amount involved met the statutory minimum. Jenkins testified that she and the defendant spent a great deal of time together, and that the defendant frequently had substantial quantities of cocaine in his possession in plastic bags. She described the bags as being "bigger than a sandwich bag." Using her hands, she demonstrated for the jury the size of the bags. From those circumstances, the jury would reasonably infer that defendant and Ms. Jenkins would have understood that this California trip to obtain cocaine would involve amounts that were substantial in comparison to the quantities defendant normally had.

Jenkins went to the airport with the defendant for his flight to California, and was present when he was stopped by law enforcement agents because he "pulled out a lot of money" when purchasing his ticket. The agents questioned him "because he had all this money." Jenkins' awareness of the amount of money in the defendant's possession was one more circumstance from which the jury could infer her intent regarding the quantity of drugs to be obtained.

Further, Jenkins testified that defendant asked her repeatedly about the package, and that after defendant's return from California, he was upset that the package had not yet been delivered. When she suggested that he "just leave it alone" or "let it go," the defendant replied, "It's too much money involved. I can't just let it go."

Finally, the amount of drugs the defendant mailed from California, which Jenkins signed for and accepted on defendant's instructions, may be considered in evaluating the coconspirators' intent regarding the amount to be obtained. What the conspirators actually did in furtherance of the conspiracy is evidence of what they had agreed to do. See *Mass,* 464 Mich 634; *People v Kanar*, 314 Mich 242, 249; 22 NW2d 359 (1946); *People v Newsome*, 3 Mich App 541, 560; 143 NW2d 165 (1966). In this case, the package contained 1,040 grams, well above the statutory amount of 650 grams.

From all this evidence the jury could have concluded that the defendant and Jenkins intended to possess an amount of cocaine in excess of the statutory minimum. Accordingly, we reverse the judgment of the Court of Appeals in part and reinstate the defendant's conviction for conspiracy to possess with intent to deliver 650 or more grams of cocaine.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

S T A T E   O F   M I C H I G A N

SUPREME COURT


PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                   No. 112713

THOMAS McCLAIN HUNTER,

    Defendant-Appellee.

_____

WEAVER, J. (*concurring*).

I concur in the result of the per curiam opinion, but write separately because I continue to adhere to the view expressed by the concurring opinion in *People v Mass*, 464 Mich 615; 628 NW2d 540 (2001). Knowledge of the amount of drugs delivered should not be an element of a conspiracy to deliver offense. The judicial imposition of this knowledge requirement by the *Mass* majority is inconsistent with the text of both the delivery statute, MCL 333.7401, and the conspiracy statute, MCL 750.157a.

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                    No. 112713

THOMAS McCLAIN HUNTER,

    Defendant-Appellee.

_____

CAVANAGH, J. (*dissenting*).

I would deny leave to appeal. The Court of Appeals correctly reversed the defendant's conviction for conspiracy to possess with intent to deliver more than 650 grams of cocaine because the prosecutor presented insufficient evidence of intent to combine and deliver the statutory minimum.

Moreover, leave to appeal should be denied because the facts are close, because *People v Mass*, 464 Mich 615; 628 NW2d 540 (2001), solidified this Court's thinking regarding the necessary elements in conspiracy to deliver, and finally because the defendant's life sentence will not be altered by this change.

KELLY, J., concurred with CAVANAGH, J.